UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ALBERT LUTHER JEFFCOAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV405-210 |
| ) | |
| STATE OF GEORGIA, JOHN R. ) | |
| TURNER, RICHARD MALLARD, ) | |
| JIMMY McDUFFIE, KEITH ) | |
| McINTYRE, LARRY CARROLL, ) | |
| TOM MURPHY, and HILDA ) | |
| PARTRIDGE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, currently an inmate at the Screven County Jail, filed this action pursuant to 42 U.S.C. § 1983 in this Court on November 14, 2005 and paid the $250 filing fee on November 21, 2005. Doc. 1. The action is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners and other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss

any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff is currently incarcerated in the Screven County Jail awaiting his trial in the Effingham County Superior Court on charges of, *inter alia*, rape, kidnaping, and sodomy. See CV605-111, doc. 1.[1] While plaintiff's complaint is barren of any specific facts relating to his claim, he generally avers that the State of Georgia, acting through superior court Judge John R. Turner, has "abuse[d] the (trial) court's discretion in an arbitrary and capricious manner" during the initial phases of the criminal

---

[1] Although plaintiff does not provide this information in the instant complaint, plaintiff filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in this district challenging this pre-trial confinement on October 14, 2005. CV605-111, doc. 1. The Court dismissed that application since plaintiff had not exhausted his available state remedies. Id., docs. 3, 6.

2

proceedings against him, thereby depriving him of due process of law and his right to a fair trial. Doc. 1. He alleges that Judge Turner has permitted the district attorney, the Sheriff of Effingham County, and other state officers "to openly disregard the law." Id. In his prayer for relief, plaintiff requests, *inter alia,* the immediate reinstatement of his "unconditional right to a bond,"[2] injunctive relief barring all legal proceedings that may arise against him, and an order from this Court directing that criminal charges be brought against each defendant. Id.

Pleadings by *pro se* litigants are generally held to less stringent standards than formal pleadings drafted by a trained attorney and are construed more liberally. Haines v. Kerner, 404 U.S. 519 (1972); Sanders v. U.S., 113 F.3d 184, 187 (11th Cir. 1997). Plaintiff alleges that the trial court has abused its discretion and allowed various state agencies and individuals to "openly disregard the law," yet he has failed to provide any facts in his complaint that would support his allegations. Doc. 1. Giving his complaint a most liberal reading, plaintiff's contentions that defendants are

---

[2]In seeking "declaratory relief" plaintiff argues that "the state has clearly failed to prove that I violated my bond," suggesting that plaintiff was earlier granted a bond but was returned to custody after some violation of bond conditions.

3

perpetrating a "gross miscarriage of justice" and depriving him of due process of law are best understood as stating a malicious prosecution claim and a challenge to the trial court's bond determination.

The Eleventh Circuit has recognized that a claim of malicious prosecution states a violation of the Fourth Amendment and, therefore, is "a viable constitutional tort cognizable under § 1983." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003); see also Uboh v. Reno, 141 F.3d 1000, 1002-03 (11th Cir. 1998); Whiting v. Taylor, 85 f.3d 581, 584 (11th Cir. 1996). To the extent plaintiff attempts to challenge his prosecution on the charges against him, however, he is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and Eleventh Circuit case law governing claims of malicious prosecution. Plaintiff cannot pursue a § 1983 claim for malicious prosecution until he can demonstrate that the state court proceedings have terminated in his favor, which he cannot do here since he is awaiting trial on pending charges and his guilt or innocence has yet to be determined. Wood, 323 F.3d at 882; see also Heck, 512 U.S. at 484. Therefore, plaintiff's complaint fails to state a claim cognizable under § 1983 on this ground.

Plaintiff's challenge to the trial court's bond decision also fails to state a claim for relief under § 1983. Plaintiff asserts that he is entitled to an "unconditional right to a bond" and asks the Court for an immediate reinstatement of such a bond. Doc. 1.[3] In essence, plaintiff is asking this Court to reconsider and reverse a bond determination made by a state court in a pending criminal case. This Court, however, has no such power, for it does not sit in appellate review of a state court's bond determinations.[4] Furthermore, the Supreme Court has recognized that "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings . . . ." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). See Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil rights lawsuit during the pendency of his criminal trial

---

[3] Plaintiff is possibly asserting this right pursuant to a Georgia law requiring a state court to grant an accused person bail in the event he is taken into custody and held for more than ninety days before a grand jury considers the charges against him. See O.C.G.A. § 17-7-50.

[4] If plaintiff is seeking immediate release from custody, then his proper remedy is a petition for writ of habeas corpus. Heck, 512 U.S. at 481; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

. . . abstention may be an appropriate response to the parallel state-court proceedings.").

For the foregoing reasons, the Court finds that plaintiff has failed to state grounds upon which § 1983 relief may be granted. Accordingly, his complaint should be DISMISSED.[5] Plaintiff's motions for references and forms and for a continuance (docs. 3, 5) should be DENIED as moot.

**SO REPORTED AND RECOMMENDED** this 10th day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] Defendant Partridge has filed an answer to this complaint, even though service has never been ordered by the Court or perfected by plaintiff (as the complaint was simply mailed to the defendant). Doc. 4. Partridge asserts a counterclaim against plaintiff requesting attorney's fees incurred in the preparation of the answer. Id. Partridge claims that plaintiff's complaint is "frivolous and without merit and filed solely for the purpose of harassing [her]." Id. The Court recommends that the counterclaim be DISMISSED.